■ In the Matter of KARYL K. McKAY et al., Appellants-Respondents. CHEMICAL BANK et al., Respondents-Appellants. [666 NYS2d 916] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 23, 1997, which granted respondents' motions for partial summary judgment dismissing certain amended objections to the trustees' amended account, denied said motions insofar as they sought dismissal of objections relating to matters allegedly disposed of in a 1965 settlement, and construed the will as requiring the trustees to make a 20% distribution of trust assets to the testator's son, unanimously modified, on the law, to the extent of requiring a 50% distribution to the testator's son, and otherwise affirmed, without costs.

The motion court correctly found that petitioners had failed to demonstrate that the trustees had either acted imprudently or failed to act impartially.

However, we disagree with the motion court's construction of the will inasmuch as it unambiguously gives equal shares of the residuary estate to each child, and not, as the motion court found, one-half of the interest from which the mother had been receiving income. The plain language of clause 5 of Article EIGHTH is that the surviving children be given equal shares of the "principal of said residuary estate", not one-half of the interest from which the mother was receiving income.

We have considered the parties' other contentions for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Tom, JJ.